**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James HEARD, Defendant-Appellant,**

**Joanne Henderson, Defendant-Appellant.**
**Nos. 20723, 20724.**

United States Court of Appeals, Sixth Circuit.
June 4, 1971.

Donald L. Hobson, Detroit, Mich., for appellant, Heard.

James H. Hudnut, Detroit, Mich., for appellant, Henderson.

Terrance K. Jolly, Asst. U. S. Atty., Detroit, Mich., for appellee, Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before MILLER and KENT, Circuit Judges, and McALLISTER, Senior Circuit Judge.

KENT, Circuit Judge.

Appellants appeal from their convictions, by jury verdict, for violations of the laws relating to narcotics. Originally, the indictment, under which the appellants were tried, included five counts. The first two counts, which were directed at appellant Henderson alone, were dismissed on motion of the Government. The jury acquitted the appellants on Count 3, which charged them with unlawful purchase of heroin. Under Count 4 of the indictment the appellants were convicted of the unlawful sale of heroin, in violation of 26 U.S.C. § 4705(a), and under Count 5 of the indictment they were convicted of the unlawful possession of heroin, in violation of 21 U.S.C. § 174.

On this appeal the appellants complain that each was denied the Constitutional Right to a speedy trial, and they complain that there was a fatal variance between the indictment and the proofs because of a difference in dates.

Appellant Heard complains that the indictment charged violations which were alleged to have occurred "on or about July 23, 1966," and that all the proofs referred to actions on his part which were alleged to have occurred on July 21, 1966. He claims he had alibi witnesses who would have established that on July 23, 1966, he was not in Detroit where the offenses are alleged to have occurred. The evidence shows that the specific acts constituting the alleged offenses were supposed to have been committed between July 20 and July 23, 1966.

On November 16, 1966, appellant Henderson was arrested, on a warrant and, after arraignment, she was released on her personal recognizance. On July 11, 1967, an indictment was returned by the Grand Jury. On August 14, 1967, appellant Heard was arraigned on the indictment and released on bail previously furnished in Chicago. On October 16, 1967, appellant Henderson was arraigned on the indictment and released on her personal recognizance. On December 5, 1968, the trial judge scheduled a pretrial conference for January 20, 1969. On February 4, 1969, notice was given that the case would be brought on for trial commencing on February 25, 1969. On February 26, 1969, the case was scheduled for trial commencing on March 4, 1969. On March 4, 1969, the case came on for trial, and on March 5, 1969, a mistrial was declared on motion of appellants' counsel. On March 25, 1970, the case was again brought on for trial and for the first time the appellants made a motion presenting to the Court the claim that their Constitutional Rights had been denied by the failure to grant them a "speedy trial." The motion to dismiss was denied, the case proceeded to trial and resulted in the con-

victions from which these appeals are taken.

■ The law in regard to speedy trial has been recently reviewed by this Court in an opinion by Judge Wade H. McCree, Jr., in a case entitled Barker v. Wingo, Warden, 442 F.2d 1141 (6th Cir. 1971). In *Barker* this Court concluded that under the weight of Federal authority there must be a demand for trial or a showing of substantial prejudice, resulting from the claimed undue delay, before delay of trial requires the dismissal of charges against a defendant in a criminal case. In the instant case the appellants made no demand or request for trial until after the mistrial was declared on March 5, 1969. An oral motion to dismiss because of delay in bringing the case to trial was made on March 25, 1970, at the opening of the second trial. In disposing of the motion the late District Judge Theodore Levin pointed out that the United States Attorney's Office, which was involved, had been extremely short of staff, beginning in the Summer of 1969; that the Judges of the District Court were greatly disturbed because there were persons charged with crime who were confined in jail as a result of inability to make bond. Judge Levin pointed out that the Court was of the opinion that those defendants in criminal cases confined to jail had to be tried before cases involving defendants on bail could be brought to trial. In addition, Judge Levin informed counsel and the parties that he had been seriously ill during the late part of 1969 and the early part of 1970. Judge Levin stated that despite the illness he did try some cases involving persons charged with crime who were confined to jail.

■ Under the circumstances of this case, wherein there was a lack of a demand, and where the delay from the first trial to the second trial was explained on the record, we hold that such delay was not an abuse of the Constitutional Rights of these appellants, absent a showing of substantial prejudice.

The only claim of actual prejudice in this case is that claimed by appellant Heard, which involves one of the same issues as the claimed variance between the indictment and the proofs.

■ There are two issues raised as to the alleged variance; the first being the claim that appellant Heard was charged as a principal, whereas the Government claimed and offered evidence to demonstrate no more than that appellant Heard aided and abetted the appellant Henderson in the possession and sale of the narcotics. This issue has been previously before this Court in a different connotation in United States v. Lester, 363 F.2d 68 (6th Cir. 1966), wherein the Court said at page 72:

"In keeping with the provisions of § 2,[1] it has long been held that an indictment need not specifically charge 'aiding and abetting' or 'causing' the commission of an offense against the United States, in order to support a jury verdict based upon a finding of either. All indictments must be read in effect, then, as if the alternatives provided by 18 U.S.C. § 2 were embodied in each count thereof. [citations omitted]."

Under this decision there was no variance between the indictment and the proofs as to the Government's claim that appellant Heard "aided and abetted" in the commission of the crimes charged in the indictment.

Appellant Heard also claims there was a variance between the indictment and the proofs because the indictment alleged an offense occurring "on or about July 23, 1966," whereas, the Government claimed and offered evidence to show that any actual physical participation by appellant Heard occurred on July 21, 1966. The answer to this issue also disposes of the claim by appellant Heard that he was prejudiced by the variance in date because of inability to produce alibi witnesses. The problem of such variance is readily resolved by examination of the transcript of the proceedings at the opening of the first trial in March, 1969. In his opening statement, on March 3, 1969, counsel for the Government pointed out that the indictment charged that the offense had been committed "on or about" the specific date and warned the jury that the proofs would not be confined to the date charged in the indictment. Speaking of Counts 3, 4, and 5, counsel for the Government stated: " * * * and we will establish that a meeting took place on July 21, 1966, a meeting, the purpose of which was to affect a transaction in illicit narcotics on the part of both of the defendants." Obviously, the appellant Heard knew a year before the trial, which resulted in his conviction, that he would have to provide a defense in regard to matters which occurred on July 21, 1966.

■ The meaning of the language "on or about" in an indictment has been the subject of judicial review on surprisingly few occasions. The Court of Appeals for the 9th Circuit in discussing this issue said in Yaw v. United States, 228 F.2d 382, (9th Cir. 1955), at page 383:

"The phrase 'on or about' a date stated in the indictment as fixing the time of the crime, is held by the Second Circuit to be within a few weeks of the 'on or about' date. United States v. Tramaglino, 2 Cir., 197 F.2d 928, certiorari denied 1952, 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670. In the Third Circuit proof of a felonious sale of liquor on March 4th or 5th was held sufficient on an indictment charging it to have occurred 'on or about the 11th day of March, 1921'. Thompson v. United States, 3 Cir., 1922, 283 F. 895, 896. The Supreme Court, in Ledbetter v. United States, 170 U.S. 606, at page 612, 18 S.Ct. 774, at page 776, 42 L.Ed. 1162, stated:

'Neither is it necessary to prove that the offense was committed upon the day alleged, unless a par-

1. 18 U.S.C. § 2.

ticular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient.' "

As pointed out previously, the appellants obviously knew throughout the trial, which resulted in their convictions, of the fact that July 21, 1966 was a date as pertinent to the charges as the date July 23, 1966 contained in the indictment.

We are satisfied that there was no fatal variance in the indictment; there was no fatal variance in the proofs and the appellants were not prejudiced by any variance in the proofs of which they had knowledge at least one year in advance. The other allegations of error do not require discussion.

Judgment affirmed.