IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

―――――――――――――

KIMBERLY D.-D.,
*Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC
SECURITY, K.D., K.D., AND K.D.,
*Appellees*.

No. 2 CA-JV 2013-0064
Filed October 2, 2013

―――――――――――――

Appeal from the Superior Court in Pima County
No. J202043
The Honorable Geoffrey Ferlan, Judge Pro Tempore

**AFFIRMED**

―――――――――――――

COUNSEL

Peter G. Schmerl, P.C., Tucson
By Peter G. Schmerl
*Counsel for Appellant*

Thomas C. Horne, Arizona Attorney General, Phoenix
By Cathleen E. Fuller, Assistant Attorney General, Tucson
*Counsel for Appellee Arizona Department of Economic Security*

―――――――――――――

**OPINION**

Presiding Judge Vásquez authored the opinion of the Court, in
which Chief Judge Howard and Judge Miller concurred.

V Á S Q U E Z, Presiding Judge:

**¶1** Kimberly D.-D. appeals from the juvenile court's order finding her three children dependent as to her. She argues on appeal that the court erred in denying her motion to dismiss based on the time limits in A.R.S. § 8-842(C) when the dependency adjudication hearing was not completed until 142 days after service of the dependency petition. We affirm.

**¶2** Section 8-842(C) provides that a dependency adjudication hearing "shall be completed within ninety days after service of the dependency petition." A juvenile court may extend that time limit "for up to thirty days if the court finds good cause or in extraordinary cases as prescribed by the supreme court by rule." *Id.* Rule 55(B), Ariz. R. P. Juv. Ct., states that a court may extend the time "only upon a finding of extraordinary circumstances," which include but are not limited to "acts or omissions that are unforeseen or unavoidable."

**¶3** The Arizona Department of Economic Security (ADES) filed a dependency petition alleging Kimberly's three children were dependent as to her based on her failure to protect her youngest daughter from abuse. At a preliminary protective hearing on November 19, 2012, the juvenile court found Kimberly had accepted service of the petition. The first day of the contested dependency hearing was held on February 4, 2013. After an off-the-record discussion, the court stated it would continue the hearing to March 25, March 28, and April 5. Recognizing that the ninety-day time limit of § 8-842(C) expired on February 19, 2013, the court stated it would "need to make extraordinary circumstances findings" before setting those dates. ADES's attorney, Randi Alexander, informed the court she was scheduled to have surgery February 7 and would be on medical leave for six weeks. Kimberly objected, arguing that the Attorney General's office could assign another attorney to the case despite the office being "understaffed." The court found extraordinary circumstances existed, noting that the proceeding had already begun and that Alexander could not "attend to her medical needs as well as provide sufficient guidance [to replacement

counsel] so that this matter could be appropriately adjudicated under the circumstances."

¶4        On March 25, another attorney from the Attorney General's office, Helena Seymour, appeared on behalf of ADES. Kimberly argued that, because Seymour was able to appear, the court should "reconsider" its finding of extraordinary circumstances and dismiss the dependency petition, further noting the proceeding was past the 120-day maximum time limit. ADES countered that the Attorney General's office did not foresee Alexander's need for additional medical leave, and stated the office "was down [to] approximately one third of its staff" and Seymour had only been available because "the courtroom that I am routinely assigned to is on leave and so my calendar was freed to cover this week." The juvenile court denied Kimberly's motion to dismiss, restating its finding of extraordinary circumstances and concluding "the children would be placed at substantial risk of harm if returned to [Kimberly] at this time."[1] After additional days for the hearing on April 5 and 10—the final day of the hearing occurring 142 days after Kimberly had accepted service of the dependency petition—the court found the children dependent as to Kimberly and signed a final ruling on May 29, 2013.

¶5        On appeal, Kimberly contends only that the juvenile court erred in denying her motion to dismiss. She first argues the court erred in finding extraordinary circumstances existed. We review the court's decision to grant a continuance for an abuse of discretion, and any related findings of fact for clear error. *See In re Yavapai Cnty. Juv. Action No. J-9365*, 157 Ariz. 497, 499, 759 P.2d 643, 645 (App. 1988) ("Motions to continue are addressed to the sound discretion of the trial court and its decision will not be reversed absent a clear abuse of discretion."); *cf. Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, ¶ 4, 100 P.3d 943, 945 (App. 2004) (reviewing court does not reweigh evidence but defers to juvenile court's factual findings); *Beal v. State Farm Mut. Auto. Ins. Co.*, 151 Ariz. 514, 519, 729 P.2d 318, 323 (App. 1986) (determination of extraordinary circumstances reviewed for abuse of discretion). Kimberly reasons

---

[1]The juvenile court denied the motion without prejudice, granting Kimberly leave to file a written motion. She did not do so.

that, if the Attorney General's office was able to find an attorney on short notice in March, it must have been able to find one in February and thus it was unnecessary to delay the hearing date past the deadline. But attorney illness can constitute extraordinary circumstances, even when the delays concern the statute of limitations or a motion to set aside a judgment. *See McCloud v. State*, 217 Ariz. 82, ¶¶ 14-16, 170 P.3d 691, 697 (App. 2007); *McKernan v. Dupont*, 192 Ariz. 550, ¶ 23, 968 P.2d 623, 629 (App. 1998), *disapproved on other grounds by Panzino v. City of Phoenix*, 196 Ariz. 442, n.3, 999 P.2d 198, 201 n.3 (2000). It necessarily follows that attorney illness can justify delays in a dependency adjudication hearing.

¶6 Moreover, Kimberly has cited no authority suggesting the Attorney General's office attorney shortage could not further justify the brief delay here. *Cf. Davis v. Puckett*, 857 F.2d 1035, 1040-41 (5th Cir. 1988) (no denial of constitutional speedy trial rights when delay caused in part by "shortage of prosecutorial staff"); *United States v. Heard*, 443 F.2d 856, 858 (6th Cir. 1971) (delay in criminal prosecution caused by attorney shortage does not violate constitutional speedy trial right absent prejudice). Nor has she identified anything in the record contradicting the court's conclusion that Alexander's extended absence was unforeseen. Additionally, Seymour informed the court that it was only by fortunate happenstance that she had been available to appear in Alexander's absence. Thus, her presence at the hearing on March 25 does not suggest the court erred in concluding extraordinary circumstances existed.

¶7 Kimberly next argues the juvenile court lacked authority to extend the hearing beyond the 120-day statutory limit. In *Joshua J. v. Arizona Department of Economic Security*, this court determined that our legislature's use of the word "shall" in § 8-842(C) was directory and not mandatory, and that a violation of the initial, ninety-day limit does not require automatic dismissal and "does not automatically render void all further proceedings." 230 Ariz. 417, ¶¶ 18-20, 286 P.3d 166, 171-72 (App. 2012). Drawing an analogy to the speedy trial requirement for criminal trials, we determined a parent must demonstrate prejudice resulting from a violation of the deadlines in § 8-842(C) and Rule 55(B). *Id.* ¶¶ 22-24. On appeal, Kimberly does not assert any resulting prejudice existed

and instead argues that *Joshua J.* is distinguishable and, if not distinguishable, wrongly decided. We disagree with both propositions.

**¶8** Kimberly suggests *Joshua J.* is distinguishable because, although the adjudication was held outside the presumptive ninety-day limit, it was held within the maximum permissible 120-day limit. We do not find this distinction meaningful. The juvenile court in *Joshua J.* made no finding of extraordinary circumstances. *See id.* ¶ 10. Thus, the ninety-day limit was the maximum allowed by statute. Here, in light of the juvenile court's finding—which we have concluded was proper—the hearing had to be concluded within 120 days. The reasoning of *Joshua J.* applies with equal force to the 120-day limit, and Kimberly has provided no basis for us to conclude otherwise.

**¶9** We turn now to Kimberly's claim that *Joshua J.* was incorrectly decided. "Absent a decision by the Arizona Supreme Court compelling a contrary result, a decision by one division of the Court of Appeals is persuasive with the other division." *Scappaticci v. Sw. Sav. & Loan Ass'n*, 135 Ariz. 456, 461, 662 P.2d 131, 136 (1983). Thus, we consider *Joshua J.* to be "'highly persuasive and binding, unless we are convinced that [it is] based upon clearly erroneous principles, or conditions have changed so as to render [it] inapplicable.'" *Id.*, *quoting Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 471, 520 P.2d 1142, 1148 (App. 1974). The *Joshua J.* court determined that automatic dismissal was contrary to legislative intent in part because children "might then be returned to unsafe environments." 230 Ariz. 417, ¶ 19, 286 P.3d at 172. Kimberly claims, without record support, that this conclusion "doesn't reflect the 'real world'" because ADES can continue to monitor families, conduct follow-up activities and, if necessary, again remove the children and file a dependency petition. Thus, Kimberly reasons, the court in *Joshua J.* should have drawn an analogy to the exclusionary rule used in criminal cases rather than speedy trial requirements. She asserts, therefore, that "unjustified delay by the state should . . . result in a dismissal."

**¶10** The exclusionary rule, of course, is intended to deter misconduct. *See State v. Whitman*, 232 Ariz. 60, ¶ 38, 301 P.3d 226,

236 (App. 2013). There is no suggestion here that ADES or the Attorney General's office committed misconduct by seeking to extend the time of the hearing. And Kimberly has identified no public policy that would be served by automatic dismissal for a violation of the time limits of § 8-842(C). Indeed, even assuming that she is correct that ADES has other means to protect endangered children if a dependency proceeding is dismissed, there is no question that allowing an existing dependency proceeding to continue is the most expedient method to assure such children are protected. Her proposed rule would punish the state to the possible detriment of at-risk children and is clearly contrary to legislative intent. We therefore reject it.

¶11 The juvenile court's order finding the children dependent as to Kimberly is affirmed.