NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICK R.,
*Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, H.R.,
*Appellees*.

No. 1 CA-JV 18-0197
FILED 3-28-2019

Appeal from the Superior Court in Maricopa County
No. JD528015/JS518702
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee DCS*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1  Rick R. ("Father") appeals the superior court order severing his parental rights to his son, H.R., who was born in June 2017. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2  The Department of Child Safety ("DCS") took the child into custody days after he was born substance-exposed to methamphetamine and opiates. DCS interviewed Father and H.R.'s mother ("Mother") a few days after H.R.'s birth. During that interview, Father was unable to provide an address at which H.R. would live. Father also denied that Mother used illicit drugs despite evidence to the contrary. DCS asked Father to submit a drug test from an approved testing provider, but Father did not do so. DCS then filed a dependency petition alleging Father was unable to parent because of substance abuse and a lack of stable housing.[1]

¶3  As DCS alleged and as Father admits, he has a years-long history of drug use. He suffered a back injury in 2008 and thereafter took prescribed opiates for roughly six and a half years. Around 2013, he began using methamphetamine. That year, Father was convicted of driving under the influence and resisting arrest, and completed a court-ordered drug-treatment program.

¶4  In November 2014, Father was arrested for possession of methamphetamine and later pled guilty to possession of drug paraphernalia. In July 2015, he was once again arrested for possession of methamphetamine and was subsequently convicted of possession of a dangerous drug. Around that time, Father completed a second court-ordered drug-treatment program.

---

[1]  DCS also filed a dependency petition against Mother, but her parental rights are not at issue in this appeal.

¶5          In 2016, Father began a relationship with Mother, knowing she had a history of drug use and that she was then involved in a severance case involving a child from a previous relationship.  Father knew Mother was using drugs during their relationship, and they lived with another drug user during Mother's pregnancy with H.R.

¶6          At first, DCS left the case plan open pending a paternity determination, but offered Father parent-aide services upon 30 days of sobriety, substance-abuse testing and treatment and supervised visitation. Father initially refused to participate in any substance-abuse services until his paternity was established.  Even after his paternity was confirmed in August 2017, Father still refused to participate in services other than supervised visitation and a single parenting class.  He failed to submit any substance-abuse tests from an approved provider despite five separate referrals and was closed out of substance-abuse treatment unsuccessfully in October 2017.  Father also failed to show he had established stable housing.

¶7          In November 2017, Father and Mother were arrested after the police caught them with a stolen vehicle and methamphetamine.  Father pled guilty to possession of methamphetamine and was sentenced to one year incarceration and the court imposed a three-year term of supervised probation.  In February 2018, Father began an intensive substance-abuse treatment program offered to select jail inmates.

¶8          The superior court originally scheduled the dependency hearing for November 2017.  At Father's request, the court continued the dependency hearing even though DCS already had made clear it intended to move to change the case plan to severance and adoption.  The court ultimately held a combined dependency and termination adjudication hearing on March 23, 2018, at which it heard evidence establishing the facts described above.

¶9          The court granted DCS's motion and severed Father's parental rights under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(2) (neglect), -533(B)(3) (prolonged drug abuse) and -533(B)(8)(b) (2019) (six months' time in care).[2]  Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution,

---

[2]          Absent material revision after the relevant date, we cite the current version of a statute or rule.

A.R.S. §§ 8-235(A) (2019), 12-120.21(A)(1) (2019), -2101(A)(1) (2019) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶10**         The right to custody of one's child is fundamental but not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). The superior court may terminate a parent-child relationship upon clear and convincing evidence of at least one of the statutory grounds set out in A.R.S. § 8-533(B). *Michael J.*, 196 Ariz. at 249, ¶ 12. Additionally, the court must find by a preponderance of the evidence that termination is in the child's best interests. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). "Because the juvenile court is in the best position to weigh evidence and assess witness credibility, we accept [that] court's findings of fact if reasonable evidence and inferences support them, and will affirm a severance order unless it is clearly erroneous." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9 (2016).

**¶11**         Father first argues the superior court erred in holding the dependency hearing after the time allowed by statute and in holding a combined dependency and severance hearing.

**¶12**         The superior court generally must complete a dependency adjudication for a child in out-of-home care "within ninety days after service of the dependency petition" and may allow an additional thirty days upon a finding of good cause or extraordinary circumstances. *See* A.R.S. § 8-842(C) (2019). But this time limit is not mandatory, and "a violation . . . does not automatically render void all subsequent proceedings." *Joshua J. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 417, 425, ¶ 35 (App. 2012). Furthermore, a timely dependency adjudication is not a prerequisite to a termination petition or a severance trial. *See generally* A.R.S. § 8-533(B). In fact, a permanent resolution of the dependency subsumes prior proceedings. *Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 515, ¶ 9 (App. 2000). A parent is entitled to appellate relief only if he or she can show prejudice from the superior court's failure to comply with the statutory deadline. *Joshua J.*, 230 Ariz. at 424, ¶ 24.

**¶13**         Here, Father has not demonstrated any prejudice from the superior court's failure to hold a severance hearing separate from the dependency hearing nor from its failure to hold a dependency hearing within the statutory time. To begin with, Father was the one who asked for a continuance on November 27, 2017, even knowing that DCS intended to move to change the case plan to severance and adoption. On appeal, Father

4

speculates that "things may have turned out very differently" and a "quality rehabilitation program may have been very successful" if the superior court had not continued the dependency hearing. He also refers to "intermediate procedural safeguards" that supposedly were absent as a result of the continuance and the combined hearing, but he offers no specific explanation for how or why the outcome of the dependency or the severance would have been different absent the continuance. As described above, DCS offered Father reunification services, including substance-abuse treatment, from the outset of the dependency, but Father failed to participate.

¶14 Father also argues DCS failed to prove any of the three grounds for severance by clear and convincing evidence.

¶15 Under § 8-533(B)(8)(b), parental rights may be terminated when a

> child who is under three years of age has been in an out-of-home placement for a cumulative total period of six months or longer pursuant to court order and the parent has substantially neglected or wilfully refused to remedy the circumstances that cause the child to be in an out-of-home placement, including refusal to participate in reunification services offered by the department.

The circumstances at issue under this statutory ground for severance are those "existing at the time of the severance." *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22 (App. 2007) (quoting *Maricopa County Juv. Action No. JS-8441*, 175 Ariz. 463, 468 (App. 1993)).

¶16 Father does not contest the court's findings that the child has been in out-of-home placement for more than six months, nor does he argue that DCS failed to comply with its obligation to offer appropriate reunification services. He also does not challenge the court's ruling that severance was in the child's best interests. Instead, he only argues that the evidence does not support the court's finding that he substantially neglected or willfully refused to remedy the circumstances that caused the child to be taken into care. Specifically, Father points to his participation in an intense substance-abuse treatment program during his incarceration as evidence that he "was well on his way to recovery" at the time of the severance hearing.

¶17 The record, however, contains substantial evidence in support of the superior court's finding that Father substantially neglected

or willfully refused to remedy the circumstances that caused his child to remain in care of the State. To begin with, Father did not start substance-abuse treatment until February 2018, after his child had been in care for more than eight months. Up to that point, Father had refused to participate in services other than supervised visitation and a single parenting class. He failed to participate in DCS-approved drug testing and was closed out of substance-abuse treatment unsuccessfully in October 2017. The record described above also shows Father had a persistent history of drug use and arrests. In considering Father's participation in the intense substance-abuse treatment program during his recent incarceration, the superior court also was free to give due weight to other evidence showing Father had relapsed after completing two prior drug-treatment programs. We do not reweigh conflicting evidence or redetermine the credibility of witnesses. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151-52, ¶¶ 18-19 (2018).

**¶18** Because substantial evidence supports the court's decision to sever Father's rights under § 8-533(B)(8)(b), we need not address Father's arguments relating to the other grounds for severance. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

## CONCLUSION

**¶19** The record fully supports the superior court's findings and conclusions. We affirm its order severing Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED: AA

6