NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALLEGRA G., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, G.K., G.K., L.K., C.K., C.K., *Appellees.*

No. 1 CA-JV 21-0260
FILED 4-7-2022

Appeal from the Superior Court in Maricopa County
No. JD40644
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Allegra G., Phoenix
*Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

_____

**S W A N N**, Judge:

¶1　　　　Allegra G. ("Mother"), the mother of minor children G.K., G.K., L.K., C.K., and C.K. (collectively, "the Children"), appeals the juvenile court's dependency disposition order implementing a case plan of severance and adoption.[1]  She contends that the disposition hearing was void because it was untimely, and that she was deprived of constitutional rights.  We reject those arguments, and therefore affirm.[2]

### FACTS AND PROCEDURAL HISTORY

¶2　　　　In March 2021, the Department of Child Safety ("DCS") took custody of the Children after their sibling died and evidence came to light that the Children had never received medical or dental care, had never been enrolled in school, and were isolated from their extended family members. DCS promptly filed a dependency petition alleging that Mother was unable to properly and effectively parent the Children due to abuse, neglect, and mental health concerns.  At a June 22, 2021, hearing, which Mother did not attend, the juvenile court found the allegations true and the Children dependent as to Mother.  Mother appealed the dependency adjudication, and we affirmed in *Allegra G. v. Department of Child Safety*, 1 CA-JV 21-0221, 2021 WL 5830199 (Ariz. App. Dec. 9, 2021) (mem. decision).

¶3　　　　Upon finding the Children dependent, the juvenile court set a disposition hearing for July 30, 2021.  Several hours before the disposition hearing, Mother filed a "Notice" in which she argued, inter alia, that the hearing violated A.R.S. § 8-844(E) because it was scheduled for more than thirty days after the dependency adjudication hearing.  Mother did not, however, appear at the hearing.  The court set the case plan as severance

_____

[1]　　　No father is party to this appeal.

[2]　　　We deny as moot Mother's motion for mistrial and disqualification filed in this court on March 11, 2022, and her motion to dismiss filed on March 22, 2022.

and adoption, and ordered DCS to expedite a home-study referral for a proposed out-of-state relative placement.

**¶4**　　　　Mother appeals the disposition order.  We have jurisdiction under A.R.S. §§ 8-235 and 12-120.21.  *See Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45–46, ¶¶ 8–9, 12 (App. 2006).

## DISCUSSION

**¶5**　　　　Mother raises several arguments on appeal.  As an initial matter, DCS contends that Mother has waived all arguments based on her failure to provide record and legal citations as required by ARCAP 13(a) and Ariz. R.P. Juv. Ct. ("Rule") 106(A).  In exercise of our discretion, we consider Mother's arguments on their merits.  We do not, however, address her arguments concerning the dependency adjudication, including her arguments that the juvenile court lacked jurisdiction and that certain dependency statutes are unconstitutional.  Our review is limited to Mother's challenges to the disposition order.

**¶6**　　　　We first address Mother's contention that the disposition order was void because the hearing was untimely.  Section 8-844(E) directs the juvenile court to hold the disposition hearing "not more than thirty days after the date of the dependency adjudication hearing," and Rule 56(B) similarly provides that "[t]he disposition hearing shall be held within thirty (30) days of the dependency adjudication."  Here, the disposition hearing was held eight days outside the thirty-day deadline.  We do not, however, agree with Mother that the tardiness of the hearing rendered the order void.

**¶7**　　　　Our decision in *Joshua J. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 417 (App. 2012), is instructive.  In *Joshua J.*, we held that though § 8-842 and Rule 55(B) provide that an initial dependency hearing "shall" be held within a prescribed period after the petition is filed, non-compliance with that deadline is not fatal to the proceedings.  230 Ariz. at 422–23, ¶¶ 18–19.  We explained that "shall" may be given a directory rather than a mandatory meaning when the legislature's purpose would not be served by a rule that noncompliance invalidates the proceedings.  *Id.* at 421, ¶ 11.  We construed § 8-842 and Rule 55's deadline as directory in view of the legislature's failure to identify any consequence for non-compliance, and the potential harm to children if hearing delays alone rendered dependency adjudications void.  *Id.* at 422–23, ¶¶ 18–19.  We held that to obtain relief based on a violation of the deadline, a parent must demonstrate prejudice—i.e., that the outcome of the proceeding would have been different absent the delay.  *Id.* at 424, ¶¶ 24–25.

¶8        Here, as in *Joshua J.*, neither § 8-844 nor Rule 56 identify any consequence for a failure to hold the disposition hearing within the thirty-day period.  Further, to find the proceedings void based on a tardy hearing alone would expose some children to harm.  Accordingly, we hold that the thirty-day deadline set forth by the statute and rule is directory.  And here, Mother is not entitled to relief because she has demonstrated no prejudice from the violation of the deadline.

¶9        We next address Mother's contention that A.R.S. § 8-845 "is unconstitutional ('breathtakingly broad') as applied" because her parental rights were not prioritized.  The statute authorizes the court to place children "in accordance with [their] best interests," considering their "health and safety . . . as a paramount concern."  A.R.S. § 8-845(A), (B).  The statute properly reflects the court's obligation to "consider the best interests of the child in every decision."  *See Alexander M. v. Abrams*, 235 Ariz. 104, 107, ¶ 15 (2014).  Further, the statute does not, as Mother suggests, ignore her rights—it specifically provides that the court must consider "[t]he services that have been offered to reunite the family," and it states that "the court, insofar as possible, shall seek to reunite the family."  A.R.S. § 8-845(B)(2), (C).

¶10        Here, Mother knowingly failed to attend the disposition hearing, instead filing in advance a "Notice" for the court's review.  Contrary to her contention, she was afforded due process—she simply did not fully avail herself of it.  *See Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 11 (App. 2016) (recognizing that parents whose custodial rights are at issue are entitled to notice and an opportunity to be heard at a meaningful time in a meaningful manner); *Jessicah C. v. Dept' of Child Safety*, 248 Ariz. 203, 204, 207, ¶¶ 1, 18–21 (App. 2020) (holding that parent waived right to present evidence by explicitly agreeing to resolve on oral argument alone DCS's motion to change physical custody of the dependent child); Rule 56(D) (providing that court may consider all relevant evidence at disposition hearing, including the parents' oral or written reports).

¶11        The first seven minutes of the disposition hearing were not recorded.  Though we informed Mother that she could seek to reconstruct the record under ARCAP 11, she did not do so.  Nor does she challenge the evidence that she neglected the Children's medical and educational needs their entire lives, isolated them, and showed signs of a mental health issues.  And though Mother contends that she fully participated in visitation, which she asserts was the only service offered, DCS's counsel informed the court at the disposition hearing that Mother had "recently declined to participate since the visitations switched to clinically supervised."  Counsel further

stated that DCS would continue to offer clinically supervised visitation to Mother even under the new case plan, and was "asking her to engage in a psychological evaluation." *See* A.R.S. § 8-845(D) (permitting reasonable reunification efforts to continue concurrent with adoption efforts). On this record, we detect no error in the superior court's ruling.

**CONCLUSION**

¶12        We affirm the disposition order for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED:    AA