657 P.2d 895

**Manly Leroy TRAYLOR, Petitioner/Appellant,**

**v.**

**Philip THORNEYCROFT, Superintendent, Motor Vehicle Division, Arizona Department of Transportation and Richard Raymond, Hearing Officer, Motor Vehicle Division, Arizona Department of Transportation, Respondents/Appellees.**

**No. 2 CA–CIV 4341.**

Court of Appeals of Arizona, Division 2.

Sept. 28, 1982.

Rehearing Denied Nov. 5, 1982.

Review Denied Dec. 14, 1982.

James W. Cochran, Tucson, for petitioner/appellant.

Robert K. Corbin, Atty. Gen., by John L. Jones, Asst. Atty. Gen., Phoenix, for respondents/appellees.

## OPINION

HOWARD, Chief Judge.

Appellant was arrested on a public highway in Arizona for driving while intoxicated and refused to submit to a breathalyzer test as required by A.R.S. § 28–691. He was advised by appellees that his driver's license would be suspended unless a timely request for a hearing was made. Appellant made such timely request which was received by appellees on April 15, 1981. A hearing was held May 12 at the conclusion of which it was ordered that appellant's driver's license be suspended for six months. Appellant's requests for rehearing were denied and an appeal to superior court was taken. The suspension order was affirmed by the superior court, hence this appeal.

Appellant's sole claim was that the failure to hold an implied consent hearing for him within twenty days of the date of his request was a jurisdictional requirement and therefore the motor vehicle division lacked jurisdiction to suspend his license. The superior court did not agree with appellant's position and neither do we.

A.R.S. § 28–446(B), as amended, provides that the licensee upon his request, shall be afforded an opportunity for a hearing as early as practical within, but not to exceed 30 days after receipt of the request. The agency, however, has provided that such hearings be conducted within 20 days from the date of the request. R 17–4–41(C)(1), Administrative Rules and Regulations. At the time the rule was adopted, A.R.S. § 28–446(B) required the hearing to be held within 20 days of receipt of the request.

Appellant's position is that notwithstanding the fact that he was afforded a hearing within the time prescribed by the controlling statute, the administrative agency was required to follow the mandate of its own rule. We agree with appellees that even if the rule controls, as contended by appellant, non-compliance with its time requirement does not invalidate the proceeding. As held by the Supreme Court in *Department of Revenue v. Southern Union Gas Company*, 119 Ariz. 512, 514, 582 P.2d 158 (1978), "... [l]anguage, mandatory in form, may be deemed directory when the legislative purpose can best be carried out by such construction." The high court reversed a trial court order dismissing the state's tax appeal for failure to bring the case to trial within the 90-day requirement of A.R.S. § 42–152(A).

We agree with the Iowa Supreme Court which held in *Taylor v. Department of Transportation*, 260 N.W.2d 521 (Iowa 1977) that the failure to hold a license revocation hearing within the prescribed period of receipt of the request therefor, does not have the effect of invalidating governmental action which the requirement affects. The purpose of A.R.S. § 28–691, as amended, is to remove from the highways of the state drivers who are a menace to themselves and others because they operate a motor vehicle while under the influence of intoxicating liquor. *Campbell v. Superior Court*, 106 Ariz. 542, 546, 479 P.2d 685, 689 (1971). A mandatory construction of the time requirement would undermine rather than further the legislative objectives because it would provide a technical basis for avoiding license revocation to many persons whose licenses would otherwise be revoked without any showing of prejudice from de-

lay in hearing. We hold that the hearing time requirement, mandated by statute or rules, is directory as to license revocation. Appellant demonstrated no prejudice from failure to hold the hearing within the time prescribed by the rule, therefore the trial court did not err in upholding the revocation of his license.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.