952 P.2d 315

Frederick F. FORINO, Plaintiff–Appellant,

v.

ARIZONA DEPARTMENT OF TRANSPORTATION, Defendant–Appellee.

No. 1CA–CV96–0578.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 26, 1997.

Review Denied March 17, 1998.

Law Offices of Weingart & Penrod by Martin G. McAuliffe, Tempe, for Plaintiff–Appellant.

Grant Woods, Attorney General by Peter C. Gulatto, Assistant Attorney General, Transportation Section Attorneys, Phoenix, for Defendant–Appellee. ·

OPINION

GRANT, Presiding Judge.

The sole issue in this appeal is whether the failure of the Arizona Department of Transportation's Motor Vehicle Division ("ADOT") to conduct a timely implied consent hearing on a driver's license suspension, as required by Arizona Revised Statutes Annotated ("A.R.S.") section 28–691(G) (1992), divests ADOT of jurisdiction to suspend the license. For reasons that follow, we affirm the trial court's holding that, in the absence of driver demonstrated prejudice, the thirty-day time period in A.R.S. sections 28–691(F) and (G) is directory and not mandatory. Therefore, the suspension order is not void.

## FACTS AND PROCEDURAL HISTORY

On December 29, 1995, Appellant Frederick F. Forino ("Appellant") was arrested for suspicion of driving under the influence of alcohol. Appellant's license was suspended under A.R.S. section 28–691[1] because of his refusal to submit to a breath test. A hearing was held on April 12, 1996—more than thirty days after Appellant's January 2, 1996 hearing request. The one-year suspension was sustained after the hearing. The decision was mailed to Appellant on April 17, 1996. Appellant filed a motion for rehearing on April 22, 1996, which was denied.

Appellant timely appealed to superior court. The superior court heard oral argument on October 22, 1996. The superior court upheld the administrative law judge's ("ALJ") finding that ADOT's violation of the statutory language did not divest the hearing officer of jurisdiction, and affirmed the license suspension. This timely appeal followed.

## ISSUE

Did ADOT's failure to hold an implied consent hearing within thirty days of Appellant's timely request invalidate the suspension of Appellant's driver's license, absent a showing of prejudice?

## DISCUSSION

### *Standard of Review*

■ Statutory interpretation involves a question of law. *Siegel v. State Liquor Bd.*, 167 Ariz. 400, 401, 807 P.2d 1136, 1137 (App. 1991). Our review, therefore, is *de novo. Blum v. State*, 171 Ariz. 201, 204, 829 P.2d 1247, 1250 (App.1992). *See also Romo v. Kirschner*, 181 Ariz. 239, 240, 889 P.2d 32, 33 (App.1995) (When an administrative decision is appealed to this court pursuant to the Administrative Review Act, and the issue on appeal involves interpretation of law by the administrative agency, this court is free to reach its own conclusions.). We have juris-

diction pursuant to A.R.S. sections 12–913 (1992) and 12–2101(B) (1994).

**ADOT's Failure to Conduct the Hearing Within the Thirty–Day Time Period Mandated by Arizona's Implied Consent Statute Did Not Divest ADOT of Jurisdiction to Suspend Appellant's License**

■ The sole issue on appeal is whether ADOT lacked jurisdiction to suspend Appellant's license because it failed to hold the suspension hearing within thirty days of Appellant's timely request as required by A.R.S. sections 28–691(G) (1992) and 28–446(B) (1994). The first of these statutes provides:

> All hearings requested under this section shall be conducted in the same manner and the same conditions as provided in § 28–446, subsection B.

A.R.S. section 28–446(B) states in pertinent part:

> Upon the person's request the department shall afford him an opportunity for a hearing as early as practical, within [sic] *not to exceed thirty days after receipt of the request in the county wherein the licensee resides*
>
> . . . .

(Emphasis added.)

Here, Appellant timely requested a hearing on January 2, 1996, but the hearing was not held until April 12, 1996, 101 days after the request and more than three times the period prescribed by statute. Appellant does not contest any of the ALJ's findings relating to the validity of the stop, the arrest, the officer's finding of reasonable grounds to believe Appellant had been driving under the influence of intoxicating liquor, Appellant's refusal to submit to a breathalyzer test as required by A.R.S. section 28–691, or ADOT's proper provision of notice of the consequences of this refusal.

ADOT indisputably exceeded the thirty days required by A.R.S. section 28–446(B). Therefore, the only issue on appeal is whether ADOT's failure to hold a timely hearing

---

1. A.R.S. section 28–691(D) provides in pertinent part: If a person under arrest refuses to submit to the test . . . none shall be given. . . . However, the law enforcement officer directing administra-

tion of the test shall file a certified report of the refusal with [ADOT] and serve, on behalf of [ADOT], an order of suspension on the person which is effective fifteen days after that date. . . .

voided the suspension. Appellant maintains that A.R.S. section 28–446(B) is jurisdictional, and therefore ADOT's failure to comply with the thirty-day requirement invalidates the suspension of his license. The trial court relied on *Traylor v. Thorneycroft,* 134 Ariz. 482, 657 P.2d 895 (App.1982), which deemed the language of A.R.S. section 28–446(B) directory rather than mandatory. The *Traylor* court held:

> A mandatory construction of the time requirement would undermine rather than further the legislative objectives because it would provide a technical basis for avoiding license revocation to many persons whose licenses would otherwise be revoked without any showing of prejudice from delay in hearing.

*Id.* at 483, 657 P.2d at 896.

In *Traylor,* this court held ADOT's failure to comply with its regulation requiring the agency to hold an implied consent hearing within twenty days of a driver's consent did not invalidate a driver's license revocation, absent a showing of prejudice. *Id.* Although instructive, *Traylor* is not squarely on point because the licensee in that case was provided a hearing within the time prescribed by the controlling statute, but not within the time prescribed by the agency's self-imposed regulation. *Id.* Here however, we address whether ADOT's failure to comply with a statutory mandate voids its jurisdiction and thus voids the suspension of Appellant's license.

Resolution of the issue centers on the distinction between mandatory and directory provisions in statutes. We must determine whether A.R.S. sections 28–691(F) and (G) [2] are mandatory or directory. If the provision is mandatory, ADOT's failure to follow the provision renders the proceedings void. *Department of Revenue v. Southern Union Gas Co.,* 119 Ariz. 512, 513–14, 582 P.2d 158, 159–60 (1978). Alternatively, if the provision is directory, the failure to follow it has no invalidating consequence. *Id.*; *see also Watahomigie v. Board of Water Quality Appeals,* 181 Ariz. 20, 31, 887 P.2d 550, 561 (App.1994).

[3, 4] The legislature has not clearly expressed whether the thirty-day requirement is mandatory or directory. Therefore, we interpret the statute and determine the legislature's intent. *Mardian Constr. Co. v. Superior Court,* 113 Ariz. 489, 492, 557 P.2d 526, 529 (1976). To discern the legislature's intent, we may consider the effect and consequences of alternative construction. *Dep't of Revenue,* 119 Ariz. at 514, 582 P.2d at 160. Language that is mandatory in form may be deemed directory when such construction best serves the legislative purpose. *Hampton v. Glendale Union High Sch. Dist.,* 172 Ariz. 431, 434, 837 P.2d 1166, 1169 (App. 1992).

In *Dep't of Revenue,* the court dealt with a similar legislative intent issue concerning tax appeals and concluded that a statutory ninety-day time requirement for such appeals, while mandatory in form, was merely directory. The court stated:

> It is . . . apparent that if the ninety-day requirement is a mandatory provision, then its disregard would compel the dismissal of the appeal because the failure to follow the statute would invalidate the proceedings. . . . A mandatory construction will require that litigation involving substantial rights of both the State and appellees must be dismissed without a determination on the merits. A contrary construction, however, permits the judicial resolution of the questions at issue. When the statute is examined in this light, we are not convinced the Legislature intended that the proceedings should be dismissed if not tried within ninety days, for had the Legislature intended such a consequence, it could have plainly spelled it out in appropriate language. Language, mandatory in form, may be deemed directory when the legislative purpose can best be carried out by such construction.

119 Ariz. at 514, 582 P.2d at 160. *Accord Traylor,* 134 Ariz. at 483–84, 657 P.2d at 896–97; *Taylor v. Department of Transp.,* 260 N.W.2d 521 (Iowa 1977).

---

**2.** Appellant does not cite A.R.S. section 28–691(F). Instead, he notes that under A.R.S. section 28–691(G), suspension hearings are governed by A.R.S. section 28–446(B) which has a similar time requirement.

■ Since the 1982 holding in *Traylor*, the legislature has not amended Arizona's implied consent law to provide that ADOT's failure to hold suspension hearings within thirty days divests it of jurisdiction. Further, use of the word "shall" does not automatically render a statute mandatory; "shall" may indicate desirability, preference or permission. *Arizona Downs v. Arizona Horsemen's Found.*, 130 Ariz. 550, 554, 637 P.2d 1053, 1057 (1981). As a general rule, if a statute "states the time for performance of an official duty, without any language denying performance after a specified time, it is directory." *Watahomigie*, 181 Ariz. at 32, 887 P.2d at 562. *See generally* 3 Norman J. Singer, *Statutes and Statutory Construction* § 57.19, 57.01 (5th ed. 1992) (Requirements relating to time within which a governmental agency must act are directory rather than mandatory or jurisdictional, unless contrary intent is clearly expressed.).

We therefore hold that ADOT's failure to conduct the suspension hearing within the thirty-day time period did not divest the agency of jurisdiction absent any demonstrated prejudice.[3]

### Appellant Was Not Prejudiced by ADOT's Delay in Conducting the Suspension Hearing

■ Significantly, the court found Appellant did not demonstrate any prejudice due to the delayed hearing. We limit our review to whether the factual finding was arbitrary, capricious, or showed an abuse of discretion. *Eshelman v. Blubaum*, 114 Ariz. 376, 378, 560 P.2d 1283, 1285 (App.1977). We defer to the finder of facts and do not reweigh the evidence. *Ohlmaier v. Industrial Comm'n*, 161 Ariz. 113, 117, 776 P.2d 791, 795 (1989).

■ We affirm the trial court's finding that Appellant was not prejudiced by ADOT's failure to conduct a timely hearing because once Appellant asked for the hearing, the license suspension was stayed until the hearing occurred. A.R.S. §§ 28–691(G) and 28–694(D) (1992). The superior court also issued a limited stay of the suspension pending this appeal pursuant to A.R.S. section 12–911 (1992), ordering that the suspension not apply between the hours of 8:00 a.m. and 6:00 p.m. so that Appellant could drive to and from work and for medical emergencies. While Appellant's driving privileges were restricted, the temporal constraints on his driving did not affect his ability to earn a living or obtain needed services. We note that Appellant had the burden to show prejudice. *See Woods v. Department of Motor Vehicles*, 211 Cal.App.3d 1263, 259 Cal.Rptr. 885, 890 (1989) (California Department of Motor Vehicle's failure to hold a suspension hearing concerning a driver's financial responsibility within thirty days after driver's request would not void suspension of his driver's license where the driver failed to establish any prejudice caused by the delay).

### CONCLUSION

We affirm the trial court's ruling that Appellant failed to demonstrate prejudice from the delay. For the reasons set forth, we affirm the suspension of Appellant's license.

TOCI and RYAN, JJ., concur.

---

**3.** Appellant relies heavily on language from *Goulder v. Department of Transp.*, 179 Ariz. 181, 877 P.2d 280 (1994), wherein the court notes that the language in A.R.S. section 28–445(A)(7), requiring a mandatory license revocation for two convictions of A.R.S. section 28–692 within a sixty-month period, "means what it says." In *Goulder*, the court made its comment when ruling that A.R.S. section 28–692 only authorizes mandatory revocation upon a defendant's second Arizona DUI charge. There is no relationship between the statutes at issue here and those addressed in *Goulder*. Therefore, *Goulder* is not relevant.