963 P.2d 1092

**Dunton FRANCIS, Plaintiff–Appellee,**

v.

**ARIZONA DEPARTMENT OF TRANS-PORTATION, MOTOR VEHICLE DI-VISION, Defendant–Appellant.**

**No. 1 CA–CV 97–0609.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 25, 1998.

Grant Woods, Attorney General by John C. Dutton, Jr., Assistant Attorney General, Transportation Section, Phoenix, for Appellant.

George F. Klink, Phoenix, for Appellee.

OPINION

TOCI, Judge.

¶ 1 The state appeals from the trial court's order setting aside Dunton Francis' license suspension entered by the Arizona Department of Transportation Motor Vehicle Division ("ADOT") and restoring his driving privileges. In *Forino v. Arizona Department of Transportation*, 191 Ariz. 77, 952 P.2d 315 (App.1997) (review denied March 17, 1998) we held that ADOT'S failure to hold an implied consent hearing as required by statute within thirty days of a timely request did not invalidate the license suspension, in the absence of prejudice to the driver. The question raised by this appeal is whether the trial court was entitled to disregard our decision in *Forino* and reach its own conclusion as to the meaning of the statutes that we construed in *Forino*. We conclude that the trial court erred and therefore reverse.

## I. BACKGROUND

¶2 Francis was arrested on March 21, 1996, for suspicion of driving under the influence of alcohol. His driver's license was suspended under Arizona Revised Statutes Annotated ("A.R.S.") section 28–691(D) (Supp.1996)[1] after he refused to take a breath test. He timely requested a hearing on April 4, 1996, which ultimately was scheduled for September 12, 1996, well beyond the thirty-day time period set forth in A.R.S. sections 28–691(F) and (G) and 28–446(B) (Supp.1996).[2]

¶3 At the close of the hearing, the Administrative Law Judge ("ALJ") upheld the one-year license suspension, finding that the scheduling delay was "beyond the norm" but "not unconscionable." He also found that Francis had "not been unduly prejudiced" since the license suspension had been stayed pending the outcome of the hearing. Francis thereafter filed a motion for rehearing, which the ALJ denied.

¶4 Francis timely appealed to superior court. He argued that the language of A.R.S. section 28–446(B) was mandatory and that ADOT's failure to set the hearing within thirty days divested ADOT of jurisdiction, requiring that the suspension be voided. He also argued that the ALJ improperly considered evidence and that he never "refused" to take the breath test.

¶5 After hearing oral argument and reviewing the parties' briefs and the record on appeal, the trial court set aside ADOT's license suspension, finding that Francis timely requested a hearing, that the hearing was not held within thirty days as required by A.R.S. section 28–446(B), and that Francis "at no time waived that procedural defect." The trial court stated that "[i]t is apparent that the Legislature meant for the 30 days to be an outside limit.... [T]he Motor Vehicle Division is quite strict in enforcement of its rules against drivers who fail to make timely requests—the same ought to apply to them. It is the Court's view that prejudice is pre-sumed by the statute." The court noted that it did not consider the other two arguments raised by Francis.

¶6 The state filed a motion for reconsideration, requesting that the trial court reconsider its ruling in light of this court's recent decision in *Forino*, which held that, in the absence of prejudice demonstrated by the driver, the thirty-day time period in A.R.S. sections 28–691(F) and (G) and 28–446(B) was directory and not mandatory. 191 Ariz. at 81, 952 P.2d at 319. The trial court refused to follow *Forino* and denied ADOT's motion in an October 23, 1997 minute entry. The state filed a timely notice of appeal from the trial court's order.

## II. DISCUSSION

■ ¶7 In an appeal to the superior court from an administrative decision under the implied consent law, the scope of review is limited to a consideration of whether the ALJ's action was illegal, arbitrary, capricious, or an abuse of discretion. *Robinson v. Prins*, 161 Ariz. 195, 196, 777 P.2d 693, 694 (App.1989). The ALJ's decision will be set aside only if it is not supported by competent evidence. *Id.*, 777 P.2d 693

■ ¶8 On appeal, Francis acknowledges that the *Forino* decision "provides authority directly opposite to the Superior Court's decision." He states that he will "attempt to gently persuade [us] of the error of [our] decision in *Forino*." We are not persuaded, however, that we erred when we decided *Forino*. We agree with its conclusion that the failure to hold a timely hearing does not divest ADOT of jurisdiction of a license suspension absent a showing of prejudice by the licensee. *Forino*, 191 Ariz. at 81, 952 P.2d at 319.

■ ¶9 Thus, *Forino* governs this case. ADOT's failure to hold an implied consent hearing within 30 days of Francis' request did not invalidate the suspension of his driving privileges unless Francis could demon-

---

1. Subsequently renumbered as A.R.S. § 28–1321(D) (1998).

2. Subsequently renumbered as A.R.S. §§ 28–1321(I), 28–1321(K), and 28–3306(D) (1998), re-spectively. Both the former and current versions of the statutes provide that ADOT shall set a hearing within thirty days of the receipt of the request.

strate prejudice. There was, of course, no prejudice shown, because Francis had retained his driving privileges until the time of the hearing. The ALJ properly found that Francis had not suffered undue prejudice as a result of the delay of his suspension hearing.

¶10 We now turn to the trial judge's refusal to follow *Forino*. In denying ADOT's motion for reconsideration, the trial judge stated:

> Although the State urges the construction adopted by the Court of Appeals that "shall" really only means "may," this Court does not share that view. The effect of such a ruling would be to allow the State to hold a hearing whenever it got around to it while requiring the motorist to file the hearing request within 15 days. If the Legislature meant that it was a merely a good idea to hold the hearing within 30 days, it should have used a word other than "shall."

The trial judge was clearly wrong in refusing to follow this court's decision in *Forino*. The superior court is bound by decisions of the court of appeals; its precedents furnish a proper guide to that court in making its decisions. *See Senor T's Restaurant v. Industrial Comm'n*, 131 Ariz. 389, 393, 641 P.2d 877, 881 (App.1981) (Froeb, J., concurring), *vacated on other grounds*, 131 Ariz. 360, 641 P.2d 848 (1982). Under the doctrine of stare decisis, once a point of law has been established, it must be followed by all courts of lower rank in subsequent cases where the same legal issue is raised. Stare decisis promotes uniformity, certainty, and stability of the law; fosters reliance on judicial decisions; and contributes to the integrity of the judicial process. *See State v. Cox*, 43 Ariz. 174, 182–83, 30 P.2d 825, 828 (1934); 5 Am. Jur.2d *Appellate Review* § 599 (1995).

¶11 The fact that a petition for review was pending before our supreme court at the time of the motion for reconsideration did not diminish *Forino*'s significance as precedent.

As to the trial court, *Forino* became binding precedent when it was published. It remains so until this court, in a published opinion, refuses to follow it or it is vacated by our supreme court. Whether *Forino* is to be disaffirmed is not a question for the superior court. A lower court cannot refuse to follow the rulings of a higher court. This would bring about a "deadly conflict between the jurisdiction and power" of the appellate courts and the superior courts of this state. *See Justice Court of Tempe Precinct v. Keswick*, 102 Ariz. 536, 539–40, 433 P.2d 984, 987–88 (1967). "Any other rule would lead to chaos in our judicial system." *See McKay v. Industrial Comm'n*, 103 Ariz. 191, 193, 438 P.2d 757, 759 (1968).

## III. CONCLUSION

¶12 ADOT's failure to hold an implied consent hearing within the statutory time period did not deprive the agency of jurisdiction to suspend Francis' driver's license. Accordingly, we reverse the trial court's decision to the contrary and remand the matter so that the trial court may consider the other two issues raised in Francis' administrative appeal. If the trial court finds that neither of these issues have merit, it must affirm the ALJ's order suspending Francis' driving privileges for a twelve-month period and remand the case to the ALJ for a determination of the effective dates of the suspension.

NOYES, P.J., and KLEINSCHMIDT, J., concur.