IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

STEVEN LANE FULLER,
*Petitioner,*

*v.*

HON. ROBERT CARTER OLSON, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF PINAL,
*Respondent,*

*and*

THE STATE OF ARIZONA, BY AND THROUGH THE
PINAL COUNTY ATTORNEY,
*Real Party in Interest.*

———————————————

STEVEN LANE FULLER,
*Petitioner/Appellant,*

*v.*

THE STATE OF ARIZONA,
*Respondent/Appellee.*

No. 2 CA-SA 2013-0053
No. 2 CA-HC 2013-0005
(Consolidated)

Filed November 29, 2013
———————————————

Appeal and Special Action Proceeding from the
Superior Court in Pinal County
Nos. CV201200148 and CV201300719

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

April P. Elliott, Pinal County Public Defender
By Lisa M. Surhio and David T. Wilkison, Assistant Public Defender, Florence[1]
*Counsel for Petitioner/Appellant*

M. Lando Voyles, Pinal County Attorney
By Ronald S. Harris and Ivan S. Abrams, Deputy County Attorneys, Florence
*Counsel for Real Party in Interest/Respondent/Appellee*

---

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

---

E C K E R S T R O M, Judge:

**¶1**	In this consolidated special action and appeal from the trial court's denial of a petition for writ of habeas corpus, Steven Fuller seeks relief from his continued detention on a petition filed by the state alleging he is a sexually violent person. Specifically, he maintains that his rights under Arizona statutes and the Due Process Clauses of the Arizona and United States Constitutions have been violated because he did not receive a trial within 120 days of the state's filing of the petition, as required by A.R.S. § 36-3706, and

---

[1]Although Lisa M. Surhio has left the Pinal County Public Defender's Office and was not counsel of record at the time this opinion was filed, she is nonetheless noted as counsel because she authored the briefs and presented the oral argument in this case.

because he did not receive appointment of counsel, a professional evaluation, or a prompt probable cause hearing in conformity with A.R.S. §§ 36-3704(C), 36-3705(C), and 36-3705(G). In essence, we must determine whether the state may continue to detain a person and proceed with a petition alleging the person is sexually violent when it has neglected to pursue that petition for over a year, and when the person now has been detained without a trial for over twenty months. For the following reasons, we accept jurisdiction and grant relief.

## Factual and Procedural Background

¶2       On January 19, 2012, the state filed a petition and order for detention alleging that respondent, Steven Fuller, was a sexually violent person (SVP) under A.R.S. § 36-3701(7). The Pinal County Superior Court found probable cause to believe Fuller was an SVP, ordered his detention, and ordered the clerk of the court to notify the public defender's office. The court issued an order and notice that Fuller had ten days to request a probable cause hearing and that if he did not, the hearing would be waived. However, the public defender's office did not receive notice of the petition and was not appointed to represent Fuller. Moreover, the notice sent to Fuller did not include contact information for the court or the public defender's office, and Fuller did not request a probable cause hearing.

¶3       Pursuant to the trial court's order, Fuller was transferred from the Arizona Department of Corrections to the Arizona State Hospital (ASH) on January 23, 2012. For over a year, the state overlooked Fuller's case while he remained in detention on the petition. No court dates were sought or scheduled and the state took no steps to prosecute the petition. Although ASH provided housing and general medical care, Fuller did not receive treatment designed to address his alleged propensity for sexual violence. In February 2013, the Pinal County Superior Court Director of Treatment Services notified the state that she had received a bill for Fuller's care indicating that his case still was in the pretrial phase. On March 5, 2013, the state filed a motion to set a hearing in Fuller's case and to appoint counsel for Fuller. On March 11, the court set a

status review hearing and appointed the Pinal County Public Defender's Office to represent Fuller.

¶4        Fuller then filed a motion to dismiss the petition for detention and a petition for a writ of habeas corpus based on the trial court's failure to appoint counsel, schedule a timely probable cause hearing, and conduct a trial within 120 days, as provided by §§ 36-3704, 36-3705, and 36-3706.  The trial court denied his petition and motion, finding it was not required to appoint counsel, Fuller had waived his right to a probable cause hearing, and the language in § 36-3706 stating that a court "shall conduct a trial" within 120 days of the petition is merely "directory."  The court also concluded that, even if the provision is mandatory, the delay was occasioned by the court, and § 36-3706 authorized continuation of the trial so long as Fuller had not been substantially prejudiced, which the court so found.  This consolidated appeal and petition for special action followed the entry of the court's order.

¶5        We have jurisdiction to hear the habeas appeal pursuant to A.R.S. § 12-120.21(A)(1).  *See Drury v. Burr*, 107 Ariz. 124, 125, 483 P.2d 539, 540 (1971) ("Court of Appeals . . . has appellate jurisdiction over [habeas] causes originating in the Superior Court").  We likewise have jurisdiction to hear special actions pursuant to § 12-120.21(A)(4).  Our decision to accept special action jurisdiction in a particular case is discretionary.  *See State ex rel. Romley v. Fields*, 201 Ariz. 321, ¶ 4, 35 P.3d 82, 84 (App. 2001).  Acceptance of special action jurisdiction is appropriate when a case presents a novel question of statewide importance that is also a question of law.  *Id.* Here, we are presented with two such questions:  (1) whether, under the circumstances here, the state violated the requirements of § 36-3706 by failing to bring Fuller to trial within 120 days, and (2) if the statutory deadline has been violated, what remedy is appropriate.  For this court to accept special action jurisdiction, it also is necessary that the petitioner have no "equally plain, speedy, and adequate remedy by appeal."  Ariz. R. P. Spec. Actions 1(a).  Although Fuller's petition for habeas corpus may entitle him to release, it does not provide for dismissal of the proceeding against him. *See State v. Abbott*, 103 Ariz. 336, 339, 442 P.2d 80, 83 (1968) ("The sole function of habeas corpus is to obtain the release of one unlawfully detained.").  We therefore accept special action

jurisdiction and, for the following reasons, find relief appropriate under both the habeas corpus and special action petitions.

**Discussion**

¶6        Section 36-3706 provides in pertinent part as follows:

> Within one hundred twenty days after a petition is filed pursuant to § 36-3704, the court shall conduct a trial to determine if the person named in the petition is a sexually violent person. . . . The judge may continue the trial at the request of either party on a showing of good cause or on its own motion if the person will not be substantially prejudiced.

Fuller contends the state's failure to comply with the plain language of this provision requires that the petition be dismissed. The state counters that the word "shall" in § 36-3706 is directory rather than mandatory and, therefore, the state violated no statutory requirement when it failed to bring Fuller to trial within 120 days of the petition—the same construction adopted by the trial court. The parties each support their arguments by citing well-established canons of statutory construction that have been viewed as dispositive in our state's jurisprudence.[2] In this case, however, we

---

[2]Fuller observes that, when the legislature uses the word "shall" and the word "may" in the same paragraph, we presume lawmakers "acknowledged the difference and intended each word to carry its ordinary meaning." *Sempre Ltd. P'ship v. Maricopa County*, 255 Ariz. 106, ¶ 11, 235 P.3d 259, 262 (App. 2010). Section 36-3706 states that the court "shall" conduct a trial within 120 days of the petition, but that the judge "may" continue the trial in certain circumstances. Fuller also argues that SVP proceedings are similar in terms of the deprivation of liberty to general civil commitments, in which statutory requirements are mandatory. *See In re Pinal Cnty. Mental Health No. MH-201000029*, 225 Ariz. 500, ¶ 5, 240 P.3d 1262, 1263 (App. 2010). Finally, the statute's careful articulation of the specific circumstances under which the 120-day limit might be

need not reach the question of whether this time limit is mandatory or directory.

**¶7**       If a statute is mandatory, failure to comply renders the proceedings void and invalid, and dismissal is mandated without any further inquiry. *HCZ Constr., Inc. v. First Franklin Fin. Corp.*, 199 Ariz. 361, n.1, ¶¶ 19-20, 18 P.3d 155, 158 n.1, 160 (App. 2001) ("The essential difference between a mandatory and a directory provision is that failure to comply with a directory provision does not invalidate the proceeding to which it relates, while failure to follow a mandatory provision does."). However, even if a statute is directory, a proceeding may be dismissed for failure to comply with a statutory time limit if the defendant will be prejudiced thereby. *See, e.g., Dep't of Revenue v. S. Union Gas Co.*, 119 Ariz. 512, 514, 582 P.2d 158, 160 (1978) (finding department of revenue's appeal from tax board's valuation of property not invalid for failure to hold trial within ninety days, and therefore would not be dismissed "without more, such as a showing that the opposing party has suffered substantial detriment"); *Joshua J. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 417, ¶¶ 18-22, 286 P.3d 166, 171-72 (App. 2012) (finding violation of time limit in dependency proceeding did not require dismissal

---

exceeded also suggests the legislature intended the time limit to be mandatory. *See* § 36-3706 (specifying continuances may be granted only for "good cause" or in absence of "substantial[] prejudice[]").

The state responds that "[a]s a general rule, if a statute 'states the time for performance of an official duty, without any language denying performance after a specified time, it is directory.'" *Forino v. Ariz. Dep't of Transp.*, 191 Ariz. 77, 81, 952 P.2d 315, 319 (App. 1997), *quoting Watahomigie v. Ariz. Bd. of Water Quality Appeals*, 181 Ariz. 20, 32, 887 P.2d 550, 562 (App. 1994). Section 36-3706 does not prescribe any specific remedy if a trial does not occur within 120 days. The state further notes that "shall" "may be deemed directory when the legislative purpose can best be carried out by such construction," *HCZ Constr., Inc. v. First Franklin Fin. Corp.*, 199 Ariz. 361 ¶ 11, 18 P.3d 155, 158 (App. 2001), and the state claims the legislative purpose of protecting the public from a class of potentially dangerous persons is best suited by interpreting the provision as directory.

because statute directory and father not prejudiced); *Forino v. Ariz. Dep't of Transp.*, 191 Ariz. 77, 79-81, 952 P.2d 315, 317-19 (App. 1997) (finding failure to hold implied consent hearing on driver's license suspension did not invalidate proceeding absent prejudice).  Here, however, where a violation of the statutory time limit occurred and prejudice to Fuller resulted, dismissal is required regardless of whether this provision is directory or mandatory.

### Statutory Violation

**¶8**        It is uncontested that Fuller did not receive a trial within the 120-day time limit provided by § 36-3706 and that no trial date was ever set during that time period.  The trial court nonetheless concluded that no statutory violation occurred, because § 36-3706 provided the court with the express authority to continue the case on its own motion so long as Fuller would not be "substantially prejudiced."  In the context of legal procedure, the word "continue" carries a specific meaning.  *Black's Law Dictionary* 316 (7th ed. 1999) defines a continuance as "[t]he adjournment or postponement of a trial or other proceeding to a future date."  In the procedural rules applicable to SVP proceedings, *see* § 36-3704(B), a postponement may be granted "when an action has been set for trial on a specified date by order of the court."  Ariz. R. Civ. P. 38.1(h).  Moreover, we are required to construe related statutory provisions in harmony with one another.  *T.P. Racing, L.L.L.P. v. Ariz. Dep't of Racing*, 223 Ariz. 257, ¶ 9, 222 P.3d 280, 282 (App. 2009).  The first sentence of § 36-3706 sets forth a clear procedural limit on how long a person may be confined without a trial.  We cannot, in harmony with that conclusion, also posit that its last sentence would authorize courts to bypass the statutory deadline based on motions urged for the first time many months after the deadline had passed.

**¶9**        Here, the trial date could neither be "adjourned" nor "postponed," because no trial date had ever been set.  For this reason, the trial court did not "continue" Fuller's trial.  Rather, the court asserted its authority to set a trial date for the first time.  The court therefore erred when it interpreted § 36-3706 as authorizing it to "continue" Fuller's trial when no trial date previously had been set and when the court considered the matter for the first time ten

months after the expiration of the statutory deadline. For the above reasons, we must conclude that the statute was violated.

**Remedy**

**¶10**      As discussed above, even if a statute is directory, failure to comply may nonetheless mandate dismissal if the defendant has been prejudiced. *See S. Union Gas*, 119 Ariz. at 514, 582 P.2d at 160; *Joshua J.*, 230 Ariz. 417, ¶ 22, 286 P.3d at 172; *Forino*, 191 Ariz. at 81, 952 P.2d at 319. The state maintains that we should borrow our standards for determining prejudice here from those our state has developed when evaluating violations of a criminal defendant's right to a speedy trial under Rule 8, Ariz. R. Crim. P. In that context, prolonged confinement alone does not require dismissal of the case with prejudice. *Cf. State v. Soto*, 117 Ariz. 345, 348, 572 P.2d 1183, 1186 (1977) (discussing Sixth Amendment speedy trial standard). Indeed, the length of delay is the "least conclusive" factor in the analysis. *Soto*, 117 Ariz. at 348, 572 P.2d at 1186. The most important is the prejudice caused to the defendant. *Id.* This factor primarily is concerned with "prejudice in preparing for and conducting the defense," but also may include "interference with liberty, disruption of employment, draining of financial resources, curtailment of association, public obloquy, and anxiety in defendant, his family and friends." *Id.*

**¶11**      There are significant differences, however, between criminal prosecutions and civil SVP proceedings that arguably justify differing standards for evaluating prejudice. A criminal trial is a proceeding designed to find facts as to specific events that occurred in the past. The essential questions in the proceeding do not change with the passage of time even if witnesses' memories might erode. Thus, there is a rationale for focusing on "'the possibility that the defense [was] impaired'" when determining the appropriate remedy for an impermissibly delayed trial. *State v. Parker*, 231 Ariz. 391, ¶¶ 9, 16, 296 P.3d 54, 61, 62 (2013), *quoting Barker v. Wingo*, 407 U.S. 514, 532 (1972).

**¶12**      Civil commitment proceedings, by contrast, seek to determine whether a person currently has a mental illness that presents a risk of future harm, a status which is not fixed in time and

which all litigants hope will change for the better with appropriate treatment. *See* A.R.S. §§ 36-533(A), 36-540(A), 36-3701(7)(b), 36-3707. In this context, the Rule 8 prejudice standard—which focuses primarily on the effect of any trial delay on the ability to present a defense—finds little traction, as the trial necessarily focuses on a person's current status. Under such circumstances, a person could rarely, if ever, show *trial* prejudice from a delay.

¶13　　　Moreover, SVP civil commitment proceedings are specifically aimed at providing services to ameliorate the condition causing confinement. *See Martin v. Reinstein*, 195 Ariz. 293, ¶ 36, 987 P.2d 779, 793 (App. 1999); *see also* 1995 Ariz. Sess. Laws, ch. 257, § 10 (noting SVP procedure created to address specific treatment needs of SVPs). When persons who ultimately are determined to be sexually violent are denied timely process under title 36, they suffer commensurate delays in the professional treatment for their condition, *see* A.R.S. § 36-3712(B), and in the periodic reviews of their progress that could result in their release from confinement. *See* A.R.S. § 36-3708.

¶14　　　Finally, unlike in criminal proceedings, where a person who is sentenced receives credit for any pretrial incarceration, *see* A.R.S. § 13-712(B); Ariz. R. Crim. P. 26.10(b)(2), and might thereby be made whole if ultimately convicted of the charges, a person subjected to civil SVP commitment simply has his or her commitment prolonged. Thus, those facing civil SVP commitment have nothing to mitigate the deprivation of liberty, curtailment of association, potential financial strain, and frustration likely to be caused by confinement preceding the adjudication. *See State v. Tucker*, 133 Ariz. 304, 309, 651 P.2d 359, 364 (1982) (noting prejudicial effects separate from those affecting criminal defense on merits). The prejudice suffered from a delayed civil SVP commitment, therefore, is similar, but not identical, to that suffered from a delayed criminal adjudication. For the above reasons, we conclude that, in the SVP context, a lengthy improper delay in providing a trial can, standing alone, support a finding of prejudice. We do not purport to address all the circumstances a trial court might encounter in evaluating prejudice from trial delays arising in future cases nor need we specify the precise length of delay that would require a finding of prejudice. But, given the extraordinary delay in

Fuller's trial—all while he remained in confinement—we are constrained to conclude that he was substantially prejudiced.

**¶15**        But even assuming that a prejudice standard focusing on the impairment of a defendant's trial presentation is appropriate here, Fuller can demonstrate this kind of prejudice as well. While Fuller was confined in the pretrial detention unit at ASH, he did not receive the full range of treatment that would have been available to him had he been afforded his trial and been found to be an SVP. In particular, the director of the state's SVP program testified that Fuller did not receive "individual and group therapy that is directed specifically at . . . psychosexual tendencies . . . to help [him] understand that behavior and ultimately change that behavior so [he] can return to society." Furthermore, the petition to commit Fuller as an SVP was filed on January 19, 2012. Therefore his trial should have commenced by May 18, 2012. *See* § 36-3706. Had Fuller been found to be sexually violent after a timely trial, he would have been entitled to an annual examination in May of 2013 to assess whether his condition had improved, potentially making him eligible for "conditional release to a less restrictive alternative." § 36-3708(A). But the statutory violation here denied him treatment that might have alleviated his condition to the point where he was eligible for conditional release upon his yearly review, an event that would already have occurred in absence of that violation. Consequently, Fuller's ability to make a showing sufficient to secure a potential release upon yearly review was eliminated by the delay. Because Fuller was prejudiced by the delay under any definition of prejudice, the statutory violation requires Fuller's release and dismissal of the petition.[3]

---

[3]Because we find Fuller's statutory right to a timely trial was violated, we need not reach his other claims. *See Fragoso v. Fell*, 210 Ariz. 427, ¶ 6, 111 P.3d 1027, 1030 (App. 2005) ("'Courts should decide cases on nonconstitutional grounds if possible, avoiding resolution of constitutional issues, when other principles of law are controlling and the case can be decided without ruling on the constitutional questions.'"), *quoting In re $315,900.00 U.S. Currency*, 183 Ariz. 208, 211, 902 P.2d 351, 354 (App. 1995).

**¶16**    We recognize that the effect of our opinion today will be the release of a person who the state maintains has a mental disorder that makes him dangerous. But, in rendering this opinion, we may not assume that Fuller would be deemed sexually violent before the state has proven that fact at a trial—and before Fuller has been permitted to rebut the state's evidence with his own. "[T]he State has a duty to prosecute these cases diligently and th[e] trial courts also have a duty to manage these cases to comply with the 120-day deadline . . . ." *Ugalde v. Burke*, 204 Ariz. 455, ¶ 13, 65 P.3d 103, 106 (App. 2003). Had the state and trial court done so, this grave violation would not have occurred.[4] Because Fuller has been held for over a year and a half, in violation of the law of Arizona, he is entitled to relief.

## Disposition

**¶17**    For the foregoing reasons, we grant Fuller's writ of habeas corpus and order his release. Pursuant to Fuller's petition for special action, we likewise order that the SVP petition be dismissed.

---

[4]The judge named as respondent in this special action was not the judge who presided over Fuller's case when the 120-day limit was violated.