NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ROBERT CORONADO, *Petitioner/Appellant*,

*v.*

HOLLY CORONADO, *Respondent/Appellee*.

No. 1 CA-CV 22-0291 FC
FILED 3-9-2023

Appeal from the Superior Court in Navajo County
No. S0900DO202100083
The Honorable Melinda K. Hardy, Judge

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

COUNSEL

White Mountain Law Group, PLC, Show Low
By Michael R. Ellsworth
*Counsel for Petitioner/Appellant*

David J. Martin, Attorney at Law, PLLC, Lakeside
By David Joseph Martin
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Peter B. Swann[1] delivered the decision of the court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

---

**S W A N N**, Judge:

¶1 Robert Coronado ("Father") appeals from an order granting a Petition to Permit Relocation in favor of Holly Coronado ("Mother"). Father contends that the superior court erred by finding that he had been properly served with the Petition to Permit Relocation and by allowing Mother to seek relocation within one year after the decree. We affirm the superior court's decision to proceed with the hearing as scheduled because by voluntarily appearing at the hearing, Father waived the issue of service. We vacate and remand with respect to the superior court's modification of parenting time within one year of the decree.

## FACTS AND PROCEDURAL HISTORY

¶2 Father petitioned to dissolve the parties' marriage in March 2021. The parties' children are S.C. and O.C. The next month, the parties entered into a ARFLP ("Rule") 69 agreement for temporary orders awarding Mother physical custody except during Father's daytime parenting time, twice per week. In September 2021, Father received a letter from Mother's attorney informing him of her intent to relocate the children from Show Low, Arizona, to Phoenix, Arizona. A final hearing regarding the parties' dissolution of marriage occurred on October 8, 2021. On October 26, 2021, Father's counsel filed a motion to withdraw as his counsel, which the court granted in November 2021. Two days later, Father filed a

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

pro per Petition to Prevent Relocation of the Minor Children, but Mother was never served with the petition.

**¶3** The superior court issued the decree of dissolution of marriage in November 2021. The decree awarded Mother sole legal-decision making. Father received unsupervised parenting time every other week from Sunday at 10:00 a.m. until Monday at 5:00 p.m. The parties alternated holidays according to the schedule in the decree.

**¶4** Neither party appeared for a hearing set on the Petition to Prevent Relocation in November 2021. The next month, Mother filed a Petition to Permit Relocation and requested leave to move the children to Connecticut. On December 14, 2021, the superior court held a hearing on the Petition to Permit Relocation. Father states he was not served with the Petition, but he received an email about the hearing from his attorney who had previously withdrawn from the case. Both parties appeared at the hearing, and Father represented himself. The superior court granted Mother's Petition to Permit Relocation. On March 1, 2022, the superior court issued the order granting the petition, but the order did not have Rule 78(c) finality language. The superior court issued an amended order with the Rule 78(c) finality language on December 13, 2022.

**¶5** Father timely appeals.

## DISCUSSION

I. THE SUPERIOR COURT DID NOT ERR BY FINDING THAT FATHER WAIVED SERVICE BY APPEARING IN COURT.

**¶6** Father first contends that the superior court erred by finding Father was properly served with the Petition to Prevent Relocation and proceeding with the evidentiary hearing. "We accept the court's findings of fact unless they are clearly erroneous but review conclusions of law and interpretation of statutes *de novo*." *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).

**¶7** "A party may accept service. A party may also voluntarily appear without being served." Rule 40(f). A voluntary appearance occurs when "[a] party on whom service is required . . ., in person or by an attorney, enter[s] an appearance in open court. The appearance must be noted by the clerk on the docket and entered in the minutes." Rule 40(f)(2)(A). "[A]ppearance under subparts (f)(1) or (f)(2) [governing acceptance of service and voluntary appearance, respectively] have the

same force and effect as if a summons had been issued and served." Rule 40(f)(3).

¶8 Father argues that he did not receive service of Mother's Petition to Permit Relocation, preventing him from filing a response within twenty days. But Father appeared voluntarily at the hearing after he received an email from his former attorney informing him of the hearing. Regardless of whether Father received the proper summons, he waived the issue of service by voluntarily appearing at the hearing. At the hearing, the clerk noted in the transcript the "in-person presence of Robert Coronado." The superior court did not err by proceeding with the hearing.

II.     THE SUPERIOR COURT ERRED BY MODIFYING FATHER'S PARENTING TIME EARLIER THAN ONE YEAR AFTER THE DECREE.

¶9 Father also contends that the superior court erred by allowing Mother to relocate the children earlier than one year after the decree. In its order, the superior court made findings for each best-interests factor under A.R.S. § 25-403 and each relocation factor under A.R.S. § 25-408. The superior court stated that the "current parenting plan is no longer in the minor children's best interests." The superior court granted the petition to allow the children to relocate to Connecticut and ordered that Father may not have overnight visits until his housing can accommodate the children. Father would be allowed spring break and at least half of summer breaks.

¶10 We review the superior court's orders concerning parenting time and relocation for abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003); *Murray v. Murray*, 239 Ariz. 174, 176, ¶ 5 (App. 2016). An abuse of discretion occurs "when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (citation omitted).

¶11 "Arizona statutes pertaining to legal decision-making and parenting time intersect with those pertaining to relocation." *Murray*, 239 Ariz. at 176, ¶ 6. To allow relocation, the superior court must make specific findings about all relevant factors under A.R.S. § 25-408(I), which includes the best-interests findings under A.R.S. § 25-403. *See Owen*, 206 Ariz. at 421, ¶¶ 8–9. Additionally, "[a] person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously

endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-411(A).

**¶12** During the hearing on the Petition to Permit Relocation, Father attempted to admit into "evidence" the case of *Murray v. Murray*, 239 Ariz. 174 (App. 2016). Mother's counsel objected on grounds of lack of disclosure. At first, the court admitted the case into evidence. After Father stated he had spoken to his attorney, who had withdrawn from the case, before the hearing, the court stated that Father's attorney should have told him to disclose *Murray v. Murray* before the hearing. The superior court then stated, "I'm going to change my ruling, and I'm going to sustain [Mother's] objection on admitting that into evidence, based upon your not providing any disclosures."[2]

**¶13** Caselaw is not "evidence," and need not be admitted to be considered—courts are bound to follow controlling authority, including caselaw.[3] "The superior court is bound by decisions of the court of appeals; its precedents furnish a proper guide to that court in making its decisions." *Francis v. Ariz. Dep't of Transp.*, 192 Ariz. 269, 271, ¶ 10 (App. 1998). Yet when the court made findings of fact and conclusions of law, it chose not to address *Murray*. Not only did the court not address *Murray*, but it did not address A.R.S. § 25-411(A), the relevant statute discussed in *Murray*.

**¶14** In *Murray*, we held that the superior court correctly granted a petition to prevent relocation. 239 Ariz. at 177, ¶ 10. The superior court issued a dissolution decree in 2009, then later an order modifying parenting time in 2014. *Id.* at 175, ¶ 2. One month after the order, the father filed a petition to prevent relocation. *Id.* The mother appealed the superior court's grant of the father's motion. *Id.* at 176, ¶¶ 2, 4. We held that "[t]he superior court correctly concluded that Mother's proposed relocation of the children was subject to § 25-411(A)'s one-year waiting period after a modification of parenting time or legal decision-making before a parent may seek another change." *Id.* at 176, ¶ 8. We noted that under A.R.S. § 25-411, "[a] parent ordinarily may not ask to change parenting time or legal decision-making within a year after a modification order; the same constraint applies when

---

[2]     The court scheduled the hearing on the merits of Mother's petition ten days after she filed it, which was so accelerated that disclosure of facts under the timeline provided by the rules was rendered impossible.

[3]     We note that nondisclosure would have been a suspect basis for outright preclusion even if evidence (and not caselaw) had been the subject of the objection. *See Hays v. Gama*, 205 Ariz. 99, 103–04, ¶¶ 21–23 (2003).

a parent seeks a relocation that necessarily will involve a change in parenting time or legal decision-making." *Id.* at 177, ¶ 8.

¶15        Here, the superior court's amended order granting the relocation clearly modified Father's parenting time by requiring him to travel to Connecticut for visits, except when the children visit Arizona. Mother filed the Petition to Permit Relocation and the court granted it one month after it entered the decree. The order permitting Mother's relocation before the expiration of one year after entry of the decree modified Father's parenting time in violation of A.R.S. § 25-411(A). The superior court did not find that any statutory exception to the one-year rule applied. Mother argues she "alluded to" these exceptions during her testimony, but the superior court did not make any findings or conclusions concerning exceptions to the general rule.

¶16        Mother contends this case is distinguishable from *Murray*. She argues that here, unlike in *Murray*, Father failed to file a proper Petition to Prevent Relocation. Mother also argues that the move in *Murray* did not represent the children's best interests, whereas in this case, the move would benefit the children's best interests. But, these differences, even if real, do not alter the rule that parenting time cannot be modified within one year after the decree unless the evidence supports one of the exceptions in A.R.S. § 25-411(A). The superior court erred by granting Mother's Petition to Permit Relocation.

## CONCLUSION

¶17        For the foregoing reasons, we affirm the superior court's ruling regarding service of process and vacate the remainder of its decision permitting relocation. We remand for further proceedings consistent with this decision.

¶18        Both parties request an award of attorney's fees and costs under A.R.S. § 25-324, and we deny their requests in the exercise of our discretion. Our decision to vacate and remand the order granting relocation renders Father partially successful on this appeal. He may recover his taxable costs upon compliance with ARCAP 21. *See Henry v. Cook*, 189 Ariz. 42, 44 (App. 1996).