NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ROBERT P. ALLEN,
*Appellant*,

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION,
*Appellee*.

No. 1 CA-CV 24-0182

FILED 10-24-2024

---

Appeal from the Superior Court in Maricopa County
No.  LC2023-000156-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

COUNSEL

Robert Allen, Phoenix
*Appellant*

Arizona Attorney General's Office, Phoenix
By Gwyndolynn D. Gentry
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

¶1        Robert P. Allen appeals from the superior court's decision affirming the Arizona Department of Transportation's ("ADOT's") decision suspending his driver's license for 90 days.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In April 2022, a Safford Police Officer responded to a call to check on a driver asleep in a vehicle at Circle K.  The officer found Allen in the driver's seat of his vehicle with the engine running.  The officer noticed Allen had slurred speech and a slow demeanor.  Allen agreed to do some field sobriety tests and the officer observed six clues of impairment.  The officer also conducted a portable breath test on Allen, which showed he had a blood alcohol content ("BAC") of 0.151.  Allen told the officer he had been drinking.  Allen was arrested and submitted to a blood draw, which showed his BAC to be 0.211.  Allen's license was suspended for 90 days.

¶3        Allen requested a hearing at ADOT's Executive Hearing Office ("EHO") to challenge the license suspension.  Following a November 2022 hearing, the Administraive Law Judge ("ALJ") issued a decision affirming the license suspension.  After Allen's rehearing request was denied, Allen filed a request for review and moved to set aside the ALJ's decision.  The request for review was granted and a second hearing was held in April 2023.  After the second hearing, the ALJ issued a decision affirming the suspension.

¶4        In the following days, Allen submitted additional rehearing requests, which were denied.  In May 2023, the ALJ issued supplemental findings and an order affirming the denial of the rehearing requests.  Allen then appealed to the superior court, which affirmed the agency's decision.

¶5        Allen timely appeals.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(1).

**DISCUSSION**

¶6      The superior court reviews an administrative decision to determine if it is contrary to law, not supported by substantial evidence, arbitrary and capricious, or an abuse of discretion. A.R.S. § 12-910(F). We review the superior court's decision to determine whether the record contains substantial evidence to support it. *Berenter v. Gallinger*, 173 Ariz. 75, 77 (App. 1992). In doing so, we likewise consider whether the administrative action was arbitrary, capricious, or an abuse of discretion. *Havasu Heights Ranch and Dev. Corp. v. Desert Valley Wood Products, Inc.*, 167 Ariz. 383, 386 (App. 1990). We review issues of law de novo. *Potter v. Arizona Dep't of Transp.*, 204 Ariz. 73, 76, ¶ 8 (App. 2002).

¶7      Several issues concerning waiver frame our handling of this appeal.

¶8      First, ADOT argues we should dismiss the appeal because Allen's opening brief does not comply with Arizona Rules of Civil Appellate Procedure ("ARCAP") Rule 13. Arguments must include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the . . . record." ARCAP 13(a)(7)(A). "[W]e consider waived those arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013).

¶9      Second, Allen argues the ALJ withheld evidence and the officer removed documents from the case file before submitting the file for the hearing, which prejudiced Allen. But Allen does not support his arguments with citations to the record or meaningful explanations. Accordingly, Allen's arguments regarding withholding evidence by either the ALJ or the officer are waived. But we decline to dismiss Allen's other arguments for failure to comply with ARCAP 13. *See Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (1973); *Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

¶10      Third, Allen raises two arguments for the first time on appeal: (1) the blood test results sent to the EHO are inadmissible under A.R.S. § 28-1385(C); and (2) the law regarding actual physical control is too vague. Failure to raise an issue at an administrative hearing that the administrative tribunal is competent to hear, whether it is a constitutional or nonconstitutional issue, waives that issue. *Neal v. City of Kingman*, 169 Ariz. 133, 136 (1991); *see Estate of Bohn v. Waddell*, 174 Ariz. 239, 249-50 (App.

1992). Similarly, failure to raise such issues in superior court constitutes waiver. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349, ¶ 17 (App. 2007) ("[A]n appellate court will not consider issues not raised in the trial court."). Therefore, we will not consider those two arguments, raised for the first time on appeal.

¶11 We next explain why the three arguments Allen did not waive establish no error.

I. EHO Jurisdiction

¶12 Allen argues that the EHO did not have jurisdiction to conduct the license-suspension hearing because it did not set the date for the hearing within 60 days of his request.

¶13 By statute, "[o]n the receipt of the person's request for a hearing, the department shall set the hearing within sixty days." A.R.S. § 28-3306(D). Allen requested the hearing on April 29, 2022, and the notice of hearing was issued on October 14, 2022 for a hearing on November 21, 2022. It is undisputed that the EHO exceeded the 60 day hearing-setting requirement. "As a general rule, if a statute states the time for performance of an official duty, without any language denying performance after a specified time, it is directory." *Forino v. Arizona Dep't of Transp.*, 191 Ariz. 77, 81 (App. 1997) (internal citation and quotation marks omitted). If a requirement relating to time is directory, it is not jurisdictional, unless there is a clearly expressed intent to the contrary. *Id.* Accordingly, ADOT's failure to conduct a suspension hearing within the 60 day time period did not divest the agency of jurisdiction absent a showing of prejudice to Allen. *Id.*; *see also Francis v. Arizona Dep't of Transp.*, 192 Ariz. 269, 271-72, ¶ 9 (App. 1998).

¶14 Allen argues the delayed hearing prejudiced his defense of the case because it allowed the officer time to obtain "unreliable hearsay from the 9-1-1 caller nearly 8 months after the incident took place." Allen, however, does not state how he was prejudiced by the presentation of this additional evidence or why it was a surprise. Nor has he provided the transcript of the hearing necessary to review this argument. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal."). "[I]n the absence of a transcript, we presume the evidence and arguments presented at the hearing support the trial court's ruling." *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010).

¶15        An independent review of the factual record, as well as the ALJ's decision after the second hearing, the ALJ's supplemental findings of fact, and the superior court's judgment affirming the ALJ's decision, does not show the delayed hearing prejudiced Allen. Therefore, the EHO's failure to conduct the hearing within the 60 day timeframe did not divest it of jurisdiction.

II.        Validity of Blood Sample

¶16        Allen argues there is insufficient evidence that the blood sample tested by the DPS crime lab was valid. Allen argues that he testified he saw the phlebotomist fill two tubes with blood, but the lab technician documented there was only 1mL of blood in the tube and photo evidence shows one tube arrived at the lab with a much lighter color indicating much less blood. Allen contends this shows the samples were not appropriately obtained, not in the same condition as when the blood was drawn, and not viable for testing.

¶17        We do not independently weigh evidence, but instead determine whether there is substantial evidence to support the ALJ's decision. *Phillip B. v. Arizona Dep't of Child Safety*, 253 Ariz. 295, 298, ¶ 8 (App. 2022). The evidence presented at both hearings establishes two vials of blood were drawn from Allen. The evidence also shows the chain of custody of those vials from the time they were drawn until the time they were tested at the crime lab. Finally, the evidence shows the tests were conducted in accordance with proper procedures and indicated Allen's BAC was 0.211. On this record, the superior court could correctly determine that substantial evidence supports the ALJ's determination that the BAC results of the blood samples tested were valid.

III.        Actual Physical Control of the Vehicle

¶18        Allen argues the ALJ should have considered whether the officer correctly believed, as opposed to had reasonable grounds to believe, that he was in actual physical control of the vehicle.

¶19        The scope of a license suspension hearing includes a determination of "[w]hether the officer had reasonable grounds to believe the person was driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. . ." A.R.S. § 28-1385(M)(1). ADOT was required to prove by a preponderance of evidence that the officer had reasonable grounds to believe that Allen had driven or had actual physical control of his vehicle while intoxicated. *See Potter*, 204 Ariz. at 76, ¶ 9. Therefore, the ALJ correctly determined the inquiry was whether

the officer had reasonable grounds to believe, instead of correctly believed, Allen was in actual physical control of his vehicle while under the influence of alcohol.

¶20     Allen further argues no substantial evidence supports the finding that the officer had reasonable grounds to believe he was in actual physical control of his vehicle while intoxicated. We consider the totality of the circumstances when examining whether a driver was in actual physical control of a vehicle. *State v. Love*, 182 Ariz. 324, 326 (1995). It is the role of the ALJ, not an appellate court, to determine the credibility of witnesses and evidence. *Siler v. Arizona Dep't of Real Estate*, 193 Ariz. 374, 382, ¶ 41 (App. 1998).

¶21     In *Potter*, this court held an officer had reasonable grounds to believe an impaired motorist was in actual physical control of a vehicle when the officer found Potter asleep in the tilted-back driver's seat with the keys in the ignition and the headlights on. 204 Ariz. at 75, ¶ 3. Similar to *Potter*, the evidence submitted in this case shows Allen was in the driver's seat, with the engine running, asleep, and smelling of alcohol. Allen argues the driver's seat was fully reclined, which showed he had relinquished control of the vehicle. The officer, however, stated she could see Allen's head when she drove up. The ALJ found the officer's testimony credible and did not find Allen's testimony credible when it contradicted the officer's testimony. Regardless, because an impaired driver behind the wheel of a vehicle with the engine running can wake up and drive at any point, an officer could still have reasonable grounds to believe an impaired motorist in these circumstances was in actual physical control of a vehicle even if the driver's seat was tilted back. *See Potter*, 204 Ariz. at 76, ¶ 3. Therefore, substantial evidence supports the determination that the officer had reasonable grounds to believe Allen was in actual physical control of the vehicle.

**CONCLUSION**

¶22     For the foregoing reasons, we affirm.

